**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re JERRY MEADOWS and THERESA MEDOWS, | ) Case No. 06-62050-LYN |
| | ) |
| | ) Chapter 13 |
| Debtors, | ) |
| | ) |

### MEMORANDUM

This matter comes before the Court on the debtor's objection to the claim (no. 14) of Ecast Settlement ("Ecast"). The objection will be overruled.

*Facts*

The debtors filed a chapter 13 petition. Ecast filed claim no. 14. The debtors filed an objection to the proof of claim that is based on the assertion that the "proof of claim" fails to comply with Bankruptcy Rule 3001(a) and (c) because it fails to include the original or a duplicate writing, or any explanation of the loss thereof, upon which the claim is based.

The debtors do not assert that either the amount or the character of Ecast's claim is incorrect.

*Discussion.*

A proof of claim is presumed to be prima facie valid. 11 U.S.C. § 502(a). The presumption may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal. In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Fullmer, 962 F.2d 1463, 1466 (10th Cir. 1992); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3rd

1

Cir. 1992). The burden then shifts back to the claimant to produce evidence meeting the objections and establishing the claim. In re Knize, 210 B.R. 773, 779 (Bankr. N.D.Ill. 1997).

In this case, the debtors have not provided any evidence that the subject proof of claim is invalid either as to amount or character. In fact, at the hearing on this matter when the court asked counsel for the debtors if he agreed with the amount of the proof of claim, he indicated that he did. There is no controversy; there is no dispute. Accordingly, the objection to the proof of claim will be overruled.

## **ORDER**

The debtors' objection to the proof of claim, no. 14, of Ecast shall be and hereby is overruled.

So ORDERED.

Upon entry of this Memorandum and order, the Clerk shall forward a copy to the chapter 13 trustee, H. David Cox, Esq., and Stephen E. Dunn, Esq.

Entered on this 20th day of February, 2009.

_____
William E. Anderson
United States Bankruptcy Judge

2